IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RUSSELL ALLEN MANES,

    Petitioner,                             No. CIV S-00-0860 LKK CMK P

    vs.

ANA M. RAMIREZ-PALMER, Warden,

    Respondent.                          FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his 1996 conviction on charges of kidnapping, being an ex-felon in possession of a firearm, unlawful possession of a firearm and driving without a license and the sentence of eighteen years and eight months. The petition, filed April 19, 2000[1], raises the following claims: (1) improper dual use of facts in sentencing; (2) that petitioner was punished multiple times for a single offense; and (3) that his sentence violates the Double Jeopardy Clause.

///

///

---

[1] This court granted respondent's motion to dismiss on March 30, 2001. On August 24, 2003, the Ninth Circuit reversed and remanded the case for further consideration in light of two 2003 Ninth Circuit decisions. Respondent filed a second motion to dismiss, which was denied on August 19, 2004 and Respondent was directed to file an answer.

I. Background[2]

Petitioner and his girlfriend Susan Martin lived together. Petitioner physically abused Susan, and she was afraid of him. Susan wanted to leave petitioner, but he would not let her. Susan enlisted her friend Stephanie to help her in leaving petitioner. On the pretext of going to buy sodas, Susan left the home that she shared with petitioner and eventually went to Stephanie's house.

Stephanie dropped Susan off at Stephanie's house and went to a nearby gas station to buy milk. Petitioner pulled up at the gas station, brandished a gun at Stephanie and demanded to know where Susan was. Petitioner followed Stephanie back to her home and pushed his way inside the home, past Stephanie's boyfriend and daughter. Petitioner dragged Susan out of the house and into his truck, keeping his gun pressed to her side.

Petitioner and Susan spent three nights together. Petitioner kept his gun in his jeans and under his pillow while he slept. On the third day, with petitioner's permission, Susan went with an acquaintance to get pizza. While at the pizza parlor, Susan telephoned a friend, arranged for transportation and managed to escape from petitioner.

Petitioner was arrested two days later in Sacramento County after the police found him asleep with a loaded gun in his waistband. Prior to the kidnapping incident, petitioner had been previously convicted of a felony and a misdemeanor. He also had two prior convictions for being a felon in possession of a weapon and one prior conviction for possession of a controlled substance.

II. Standards for Granting Habeas Relief

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. See 28 U.S.C. § 2254(a). Federal habeas corpus relief also is not available for any

---

[2] For a more detailed statement of facts see the opinion of the California Court of Appeal, Third Appellate Division, which is attached to the Answer as Exhibit B.

claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

See 28 U.S.C. § 2254(d) (referenced herein in as " § 2254(d)" or "AEDPA). See Ramirez v. Castro, 365 F.3d 755, 773-75 (9th Cir.2004) (Ninth Circuit affirmed lower court's grant of habeas relief under 28 U.S.C. § 2254 after determining that petitioner was in custody in violation of his Eighth Amendment rights and that § 2254(d) does not preclude relief); see also Lockyer v. Andrade, 538 U.S. 63, 70-71 (2003) (Supreme Court found relief precluded under § 2254(d) and therefore did not address the merits of petitioner's Eighth Amendment claim).  Courts are not required to address the merits of a particular claim, but may simply deny a habeas application on the ground that relief is precluded by 28 U.S.C. § 2254(d). See Lockyer, 538 U.S. at 71 (overruling Van Tran v. Lindsey, 212 F.3d 1143, 1154-55 (9th Cir.2000) in which the Ninth Circuit required district courts to review state court decisions for error before determining whether relief is precluded by § 2254(d)).  It is the habeas petitioner's burden to show he is not precluded from obtaining relief by § 2254(d). See Woodford v. Visciotti, 537 U.S. 19, 25 (2002).

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) are different.  As the Supreme Court has explained:

> A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)  that an unreasonable application is different from an incorrect one.

3

Bell v. Cone, 535 U.S. 685, 694 (2002).  A state court does not apply a rule different from the law set forth in Supreme Court cases, or unreasonably apply such law, if the state court simply fails to cite or fails to indicate an awareness of federal law.  See Early v. Packer, 537 U.S. 3, 8 (2002).

The court will look to the last reasoned state court decision in determining whether the law applied to a particular claim by the state courts was contrary to the law set forth in the cases of the United States Supreme Court or whether an unreasonable application of such law has occurred.  See Avila v. Galaza, 297 F.3d 911, 918 (9th Cir.2002), cert. dismissed, 538 U.S. 919 (2003).  Where the state court fails to give any reasoning whatsoever in support of the denial of a claim arising under Constitutional or federal law, the Ninth Circuit has held that this court must perform an independent review of the record to ascertain whether the state court decision was objectively unreasonable.  See Himes v. Thompson, 336 F.3d 848, 853 (9th Cir.2003).  In other words, the court assumes the state court applied the correct law, and analyzes whether the decision of the state court was based on an objectively unreasonable application of that law.  It is appropriate to look to lower federal court decisions to determine what law has been "clearly established" by the Supreme Court and the reasonableness of a particular application of that law. See Duhaime v. Ducharme, 200 F.3d 597, 598 (9th Cir.1999).

III.    Arguments and Analysis

      A.    Dual Use of Facts in Sentencing

Petitioner contends that he was deprived of his right to due process by the sentencing court's improper use of his conviction for being an ex-felon in possession of a firearm as a aggravating factor.  Petitioner raised his claim on direct appeal and in his later filed California Supreme Court habeas petition.  The Supreme Court denied this claim without comment.  The Court of Appeal rejected this claim, noting:

> The trial court in the present case stated it was imposing the upper term for the firearm use enhancement, "on account of the previous allegations of firearms possession that he has had, as well as on this occasion," that defendant's "continued use" of firearms was a very serious indication and further stated, "I believe the upper term is warranted for the reasons of his previous firearms

4

> difficulties... and his continued resort to the <u>use of firearms or possessions of firearms</u> illegally." ([emphasis] added.)  In imposing the upper term for being a convicted felon in possession of a firearm, the court stated that it found "that it is separate and apart from the <u>use</u> allegation of having <u>used</u> it in connection with the [kidnapping] allegation." ([emphasis] added.)  The court also stated that "the <u>possession</u> was at different times and at different places and not necessarily in connection with what occurred" in the kidnapping.
>
> ....
>
> Penal Code section 1170, subdivision (b) requires imposition of the middle term unless circumstances in aggravation warrant the upper term.  Circumstances in aggravation are categorized as facts relating to the crime and facts relating to the defendant.  A sentencing court may impose the upper term for an enhancement based on facts relating to the defendant even if they do not relate to the enhancement.
>
> Here, the trial court imposed the upper term for the firearm use enhancement because of the two previous firearm possession convictions which defendant admitted prior to trial.  In his assertions of error, defendant employs the term "use" to mean both use and possession, thereby missing the distinction between the separate offenses of weapon possession and weapon use during the commission of a crime.  He thus mischaracterizes the record as indicating the court relied on the gun use which was an element of the enhancement, to impose the upper term.  Similarly, gun "use" is not an element of the conviction for being a convicted felon in possession of a firearm.  The trial court clearly stated that the weapons possessions and the weapon use enhancement were for separate incidents occurring at separate times and places.  This is supported by the fact that defendant had a gun and used it to threaten Stephanie and Susan separately, and also possessed the gun in the several days he continued to hold Susan following the abduction.
>
> Defendant also contends that it was error to rely on the August 5th offense in Sacramento County[3] as a factor in aggravation, because this was a "continued possession" of the gun used in the kidnapping but he cites no authority for that contention.  Indeed, it is undisputed that the kidnapping had concluded at least one day before, and Susan was no longer with defendant when he was arrested on August 5th.  Since it was a separate incident, for which a separate punishment was imposed, conviction for that offense could properly be considered as a factor in aggravation for the imposition of the upper term here.

(Answer, Ex. B at 4-6 (internal citations omitted.))

The court finds that the trial court did not violate California's sentencing rule. Even if petitioner could show a violation of the rule, he has not alleged any basis for federal habeas relief.  It is well established that "violations of state law, without more do not deprive a defendant of due process." <u>Cooks v. Spalding</u>, 660 F.2d 738, 739 (9th Cir. 1981).  The petitioner, therefore, must allege a basis for finding that the state court's action was arbitrary, discriminatory,

---

[3]This was the day that petitioner was arrested following Susan's abduction and escape.

1 or fundamentally unfair. See id.  Consequently, the state court decisions finding no improper use
2 of dual facts in sentencing petitioner to the upper term were neither contrary to, nor did they
3 involve an unreasonable application of, clearly established federal law as determined by the
4 Supreme Court of the United States.

5          B.     Multiple Punishment for Single Violation

6          Petitioner's next contention is that he was punished multiple times for a single
7 offense.  Although petitioner's habeas contention is somewhat vague, a review of his state
8 petitions reveals that petitioner is arguing that the use of his two ex-felon in possession of a
9 firearm convictions to enhance the sentence for his other offenses constituted multiple
10 punishment for a single offense.   The California Supreme Court denied this claim without
11 comment.

12         As previously noted, petitioner, an ex-felon, brandished a gun at Stephanie at a gas
13 station before he kidnaped Susan.  Throughout the next several days, petitioner used a gun to
14 maintain control of Susan.  After Susan had escaped, petitioner was arrested while in possession
15 of a firearm.  Prior to the trial for the kidnapping incident, petitioner was convicted in Sacramento
16 County for being a felon in possession of a firearm.

17         Nothing about this claim presents a federal question.  At best, petitioner is
18 presenting an allegation of a violation of state law.  As noted in the discussion of petitioner's first
19 claim, even if petitioner could prove a violation of state law,  violations of state law, without
20 more, do not deprive a defendant of due process.  Here, petitioner has not shown that the state
21 court's action was arbitrary or fundamentally unfair. See Cook, 660 F.2d at 739.   Consequently,
22 the state court decisions rejecting this claim were neither contrary to, nor did they involve an
23 unreasonable application of, clearly established federal law as determined by the Supreme Court
24 of the United States.

25         C.     Double Jeopardy
26         Petitioner's final argument of error is that he was subjected to double jeopardy.

He argues that use of his "other firearm offenses" to aggravate his firearm use enhancement constituted double jeopardy. The California Supreme Court denied this claim without comment.

The Double Jeopardy Clause of the Fifth Amendment to the Constitution provides that no person shall "be subject for the same offence to be twice put in jeopardy of life." The Clause applies to the states under the Fourteenth Amendment. <u>Benton v. Maryland</u>, 395 U.S. 784 (1969). The double jeopardy clause prevents multiple trials on the same charge, see <u>United States v. DiFrencesco</u>, 449 U.S. 117 (1980), and multiple punishments for the same offense. See <u>United States v. Arrelano-Rios</u>, 799 F.2d 520 (9th Cir. 1986). However, issues of state law on which the highest state court has ruled are binding on a federal court, absent an error of law which is so egregious as to deny constitutional rights. See <u>Pulley v. Harris</u>, 465 U.S. 37, 42 (1984). Federal courts defer to a state's definition of offense in determining whether multiple punishments have been imposed for the same offense in violation of the Double Jeopardy Clause. See <u>Ohio v. Johnson</u>, 467 U.S. 493, 499 (1984).

Under California law, a single transaction can give rise to distinct offenses under separate statues without violating double jeopardy. See <u>Rhoden v. Rowland</u>, 10 F.3d 1457, 1461-1462 (9th Cir. 1993). Here, the record supports the California Supreme Court's rejection of petitioner's claim that he was subjected to double jeopardy. The facts clearly demonstrate that petitioner used and possessed a firearm at separate times. For example, petitioner used a firearm when he confronted Stephanie and when he abducted Susan. He possessed a firearm when he was arrested. Petitioner's last claim does not satisfy 28 U.S.C. § 2254(d).

IV.  Conclusion

In accordance with the above, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, petitioner may file written

1 objections with the court. The document should be captioned "Objections to Magistrate Judge's
2 Findings and Recommendations." Petitioner is advised that failure to file objections within the
3 specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951
4 F.2d 1153 (9th Cir. 1991).

6 DATED: December 13, 2006.

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE